UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-440-RJC
(3:08-cr-12-RJC-1)

| | |
|---|---|
| CORDARYL COLEMAN, | ) |
| Petitioner, | ) |
| vs. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), that was filed through counsel.

**I.    BACKGROUND**

Petitioner was charged by Indictment with offenses including: Count (1), conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951); Count (2), Hobbs Act robbery and aiding and abetting the same (18 U.S.C. §§ 1951 and 2); and Count (3), using and carrying one or more firearms in furtherance of a crime of violence "that is, interference with commerce by threats and violence, a violation of Title 18, United States Code, Section 1951, as charged in Count Two" and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2). (3:08-cr-12-RJC ("CR") Doc. No. 1). Petitioner pleaded guilty to Counts (1) through (3) "as set forth in the Bill of Indictment" and admitted his guilt as charged in those Counts. (CR Doc. No. 36 at 1). The Plea Agreement contains an express waiver of Petitioner's appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 36 at 5).

The Presentence Investigation Report ("PSR") scored Petitioner's combined adjusted offense level for Counts (1) and (2) as 29. (CR Doc. 56 at ¶ 52). Three levels were deducted for

1

acceptance of responsibility, resulting in a total offense level of 26. (CR Doc. No. 56 at ¶¶ 66, 67). The guidelines sentence for the § 924(c) offense is the sentence required by statute. (CR Doc. No. 56 at ¶ 68). Petitioner had two criminal history points and a criminal history category of II. (CR Doc. No. 56 at ¶ 75). The resulting guidelines imprisonment range was 70 to 87 months for Counts (1) and (2) plus a mandatory consecutive sentence of seven years for Count (3). CR Doc. No. 56 at ¶ 102).

The Court adopted the PSR without change and, in a Judgment entered on March 16, 2009, sentenced Petitioner to a total of 154 months' imprisonment consisting of 70 months for Counts (1) and (2), concurrent, and 84 months for Count (3), consecutive, followed by a total of three years of supervised release. (CR Doc. No. 91); see (CR Doc. No. 92) (Statement of Reasons). Petitioner did not appeal.

Petitioner filed a *pro se* § 2255 Motion to Vacate in 2014 which the Court dismissed as time-barred, case number 3:14-cv-579-RJC. See (CR Doc. No. 114).

Petitioner filed the instant § 2255 Motion to Vacate through counsel with leave from the Fourth Circuit Court of Appeals to raise a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). See (Doc. Nos. 1, 1-1). Petitioner argues that his § 924(c) conviction in Count (3) violates due process because § 924(c)'s residual clause is unconstitutional and Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. He asks the Court to vacate his conviction in Count (3).

This case was stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, No. 15-4433, and United States v. Simms, 15-4540. See (Doc. No. 4). The stay was lifted after the United States Supreme Court issued its opinion in United States v. Davis, 139 S.Ct.

2

2319 (2019). The Government has now filed a Motion to Dismiss, (Doc. No. 10), and Petitioner has filed a Response, (Doc. No. 11).

The United States argues that the Motion to Vacate should be dismissed or denied because Petitioner's claims are waived, procedurally barred, and foreclosed by Fourth Circuit precedent.

Petitioner argues that the § 924(c) conviction is void because aiding and abetting Hobbs Act robbery fails to qualify as a crime of violence pursuant to Davis and United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (*en banc*), and that the defenses of waiver and procedural default are inapplicable.[1]

## II.     SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

**(1)    Waiver**

---

[1] Counsel for Petitioner acknowledges that the Court has rejected this argument in several recent decisions.

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Rather, he is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement. See United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005). There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims" such as a sentence imposed in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Petitioner contends that his post-conviction waiver is unenforceable because his meritorious Johnson-based claim is one of actual innocence that falls outside the scope of his post-conviction waiver, his claim is predicated on the assertion that the Court did not have statutory authority to impose the sentence, the conviction under § 924(c)'s residual clause is a jurisdictional defect, and the offense is one that the Government cannot constitutionally prosecute.

The Court need not address the validity and enforceability of the post-conviction waiver in Petitioner's guilty plea because his claim fails on the merits. See Section (3), infra.

**(2)** **Procedural Default**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994).

Cause for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

First, Petitioner argues he can demonstrate cause and prejudice because the attack on the § 924(c) conviction is novel. Assuming *arguendo* that Petitioner has demonstrated cause, his procedural default is not excused because he cannot show prejudice. The § 924(c) conviction is valid and is not undermined by a novel legal theory. See Section (3), *infra.*

Petitioner similarly argues that he is actually innocent of violating § 924(c) because there is no underlying crime of violence upon which that offense can be based. However, the record

5

Case 3:08-cr-00012-RJC   Document 138   Filed 07/07/20   Page 5 of 8

conclusively refutes Petitioner's claim that he is innocent of violating § 924(c) so the actual innocence exception does not except him from the procedural default bar. See Section (3), *infra*; United States v. Terry, 788 F. App'x 933 (4th Cir. 2020) (rejecting § 2255 petitioner's claim that he is actually innocent of the § 924(c) offense because Hobbs Act robbery constitutes a crime of violence under the § 924(c) force clause).

Further, because no Johnson error has occurred, Section (3), *infra*, there is no jurisdictional defect that would result in waiver of Petitioner's procedural default of this claim.

Petitioner's claim is therefore procedurally defaulted from collateral review and the § 2255 Motion to Vacate is subject to dismissal.

**(3)** **Merits**

Petitioner contends that his § 924(c) conviction is invalid because the predicate offense of aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. Assuming *arguendo* that this claim is not waived or procedurally defaulted, it fails on the merits.

In Johnson v. United States, 135 S.Ct. 2551 (2015), the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause is void for vagueness, which is a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265 (2016). The Supreme Court has also held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague pursuant to the principles set forth in Johnson.[2] United States v. Davis, 139 S.Ct. 2319 (2019).

Although the Supreme Court held in Davis that the residual clause in § 924(c)(3)(B) is unconstitutionally vague, that holding does not affect Petitioner's conviction because the predicate

---

[2] Section 924(c) provides for enhanced sentencing for any person who uses or carries a firearm or possesses a firearm in furtherance of any crime of violence or drug trafficking crime. A "crime of violence" is defined under § 924(c)(3) as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) *that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924 (emphasis added). The italicized portion of the definition is referred to as the § 924(c) residual clause.

offense of Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c). See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Petitioner's reliance on United States v. Simms, 914 F.3d 229 (4th Cir. 2019), in which the Fourth Circuit held that Hobbs Act conspiracy is not categorically a crime of violence, is misplaced because Petitioner's predicate Hobbs Act offense is not a conspiracy.

The Court rejects Petitioner's argument that aiding and abetting Hobbs Act robbery is not a crime of violence. Aiding and abetting is not itself a federal offense, but simply "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010). An aider and abettor is responsible for the act as if he committed it directly. See generally Nye & Nissen v. United States, 336 U.S. 613, 618 (1949) (the trial court's charge that one "who aids, abets, counsel, commands, induces, or procures the commission of an act is as responsible for that act as if he committed it directly" is "well engrained in the law"); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals."). Because Hobbs Act robbery is a crime of violence under § 924(c)'s force clause, aiding and abetting Hobbs Act robbery also qualifies as a crime of violence under § 924(c)'s force clause. See United States v. Richardson, 948 F.3d 733 (6th Cir. 2020); United States v. McKelvey, 773 Fed. Appx. 74, 75 (3d Cir. 2019); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); see also United States v. Brayboy, 789 F. App'x 384 (4th Cir. 2020) (noting that, while the Fourth Circuit did not address aiding and abetting liability in Mathis, every circuit to have considered it has rejected it and therefore defendant failed to

7

demonstrate plain error). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

Therefore, Petitioner's challenge to his § 924(c) conviction fails on the merits.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied and the Government's Motion to Dismiss is granted.

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss, (Doc. No. 11), is **GRANTED**.
2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.
3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 6, 2020

Robert J. Conrad, Jr.
United States District Judge

8

Case 3:08-cr-00012-RJC   Document 138   Filed 07/07/20   Page 8 of 8